**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

LENORA MOUNTAIN,

    Plaintiff,

v.

EMIRATES, INC., a foreign business corporation,

    Defendant.

_____/

**COMPLAINT**

Plaintiff, LENORA MOUNTAIN, by and through her undersigned attorneys, files this action the against Defendant, EMIRATES, INC., a foreign business corporation, and alleges as follows:

**PARTIES**

1. Plaintiff, LENORA MOUNTAIN ("Plaintiff"), is a Canadian citizen whose principal and permanent residence is in Ontario, Canada.

2. Defendant, EMIRATES, INC. ("Defendant"), is a foreign business corporation Defendant operates flights in Florida and the United States. Defendant is organized and existing under the laws of the United Arab Emirates, with its principal place of business in Dubai, U.A.E. It provides air transportation for passengers for compensation and reward.

**JURISDICTION AND VENUE**

3. At all times material, Defendant has conducted regular, substantial and continuous business in Florida. Further, Defendant has maintained offices in the State of Florida, and has been

engaged in substantial and not isolated activities within Florida, including within this District. As, such this Court has personal jurisdiction over Defendant. Also, Emirates, Inc. has designated a resident agent in this District, and specifically in Plantation, Florida.

4. This Court is vested with federal question subject matter jurisdiction within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999 ("Montreal Convention"), and the rights of the parties are governed by the provisions of the Montreal Convention, a treaty to which Canada, the U.A.E. and the United States are parties.

5. Specifically, this Court has jurisdiction under Article 33 (1) and (2) of the Montreal Convention insofar as Miami, Florida was the destination of the flight on which the cause of action arose and, as set forth in paragraph 3 above, the Defendant does business within this Court's jurisdiction.

6. Venue is proper in this District pursuant to the Montreal Convention Article 33, as this District was the destination of the flight in question.

**FACTS COMMON TO ALL COUNTS**

7. On November 9, 2022, the Plaintiff and her husband were paying passengers on Defendant's flight EK 213 from Dubai U.A.E. to Miami, Florida seated in business class.

8. As a common carrier, Defendant was and is obliged to provide the highest degree of care to its passengers.

9. Defendant was the owner and operator of the subject aircraft and airline and the employer of flight attendants on Emirates flight EK 213 from Dubai, United Arab Emirates to Miami, Florida, United States of America for whose acts Defendant is responsible.

10. Approximately one hour into the flight, many of the other passengers were reclined and ready for sleep. Suddenly there was a disturbance – a passenger came stumbling from the back of the plane, obviously very drunk, and attempted to take a seat, second from the aisle, same row as the Plaintiff in business class.

11. The drunken passenger nearly fell on top of a passenger sitting in the aisle seat when the flight attendant noticed the commotion and advised him to return to his seat towards the back of the plane. The drunken man protested loudly using very rude language – and the flight attendant capitulated and allowed the drunken man to take the seat he sought.

12. With the disturbance apparently ended, the Plaintiff and her husband reclined and prepared for sleep. Approximately one hour later, they were awakened, Mrs. Mountain hysterical, as the drunken man was in the aisle, leaning on the bulkhead for support and urinating onto Mrs. Mountain, finishing by shaking his penis. Mr. Mountain pushed the drunken man aside and rushed to the First Class curtain for help.

13. Although a flight attendant assisted the Plaintiff with a change of clothes (out of her urine-soaked pants), she could not stop her crying.

14. Mr. Mountain demanded that the Miami-Dade airport police be alerted, but that did not occur. Because of the urine on the floor and footrest of seat 6A where the Plaintiff had been seated, she was moved to the opposite side of the aircraft in the same row in seat 6J. Even after the move and several visits from Mr. Mountain, the Plaintiff sadly remained shocked, shaking and sobbing.

15. Defendant's employees continued to move the Plaintiff and she ended up in the same row as the drunken man.

16. The drunken man told the purser he had too much to drink in the airport and should not have boarded the plane.

17. After landing at the airport in Miami, there was no contact whatsoever with the Plaintiff by the Defendant.

18. As the direct and proximate result of the foregoing events, the Plaintiff became withdrawn, anxious, depressed and unable to sleep.

19. Plaintiff sought the care and counseling of a psychiatrist who has concluded that the Plaintiff's assault has rendered her a victim suffering from major depression, anxiety and post-traumatic stress disorder, too embarrassed and ashamed.

20. The Plaintiff is withdrawn from friends and society, suffering from great emotional distress.

21. The physician notes a plan for continued therapy.

## COUNT I – MONTREAL CONVENTION CHAPTER III, ARTICLE 17

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

23. As set forth in paragraph 4, the Montreal Convention applies to this claim for personal injury. Chapter III, Article 17, (1) provides "The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft."

24. Plaintiff's injuries are the direct result of the actions of the employees of the Defendant in allowing the drunken man to board the aircraft in Dubai and allowing the drunken man to change seats thereby placing him close to the Plaintiff. The degree of inebriation was such that a consequential problematic result was inevitable.

25. The actions of the Defendant or its employees in allowing a stumbling drunken person to board the plane and subsequently to allow this same stumbling drunken passenger to change seats and sit near the Plaintiff constitute negligence or wrongful act(s) of the Defendant, and a breach of Defendant's duties and obligations to ensure flight safety and the welfare of the passengers.

26. As a direct result of Defendant or its employees' aforementioned actions, the Plaintiff has been injured, which injury was caused by Defendant's negligence or wrongful act or omission of Defendant or its employees. Plaintiff's injury and damage was not solely due to the negligence or other wrongful act or omission of a third party.

WHEREFORE, the Plaintiff, LENORA MOUNTAIN, demands judgment for damages against the Defendant EMIRATES, INC., plus interest and costs. The Plaintiff further demands trial by jury on all issues.

Dated: June 13, 2023.

Respectfully submitted,

**RASCO KLOCK PEREZ & NIETO, P.L.**
*Attorneys for Plaintiff Lenora Mountain*
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: (305) 476-7100
Facsimile: (305) 476-7102
Email: jim@montalvopa.com

By: */s/ Jim Montalvo*
   HECTOR JAMES MONTALVO
   Florida Bar No. 887056
   *Of Counsel*