UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1-23-cv-22188-BB

LENORA MOUNTAIN,

        Plaintiff,

vs.

EMIRATES, INC.,

        Defendant.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, EMIRATES, INC. ("Emirates"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56(a), respectfully moves this Court for entry of final summary judgment against Plaintiff, Lenora Mountain, and in support, states as follows:

### I.    INTRODUCTION

Emirates is entitled to summary judgment because the undisputed facts establish Plaintiff did not suffer a "bodily injury" for which damages would be recoverable under the Montreal Convention. On November 9, 2022, Plaintiff was a ticketed passenger on Emirates flight EK213 with service from Dubai, United Arab Emirates to Miami, Florida. During the flight, a fellow passenger is alleged to have urinated on Plaintiff's legs. Although undoubtedly shocking, Plaintiff admitted to not having suffered any bodily injury as a result of the incident. Nevertheless, Plaintiff filed the subject lawsuit seeking damages solely under Article 17 of the Montreal Convention.

As the incident occurred during an international flight between two State Parties to the Montreal Convention, the provisions of that treaty exclusively govern Plaintiff's claim and preempt any state common law causes of action (although none have been alleged). In order to make a

claim under Article 17 of the Montreal Convention, Plaintiff must establish that she suffered "death or bodily injury." As detailed herein, however, Plaintiff admits to not having suffered a "bodily injury." Therefore, based on the undisputed facts of this case, Emirates is entitled to final summary judgment because Plaintiff's claims are not compensable under the Montreal Convention, and are thus barred.

## II.     STATEMENT OF UNDISPUTED FACTS[1]

1. On November 9, 2022, Plaintiff Lenora Mountain was a ticketed passenger on Emirates Flight EK213 with service from Dubai, United Arab Emirates to Miami, Florida. Compl. at ¶ 7.

2. During the course of the flight, a fellow passenger urinated onto Plaintiff's legs. Compl. at ¶ 12.

3. Plaintiff described the incident as follows:

   Q: Is that how you recall the incident, that the other passenger urinated on your legs, which [were] covered by a blanket?
   A: [They] were covered by the blanket, and the blanket absorbed through to my clothes and the floor.

*See*, Deposition of L. Mountain attached as **Exhibit "A,"** at 81:13-18.

4. Plaintiff confirmed no urine got into her eyes or mouth. *See*, Exhibit A at 82:19-21.

5. Plaintiff confirmed the urine did not cause any burns to her skin. *See*, Exhibit A at 83:4-6.

6. Plaintiff confirmed the other passenger otherwise did not get into any physical altercation with the Plaintiff. *See*, Exhibit A at 82:22-83:3.

---

[1] Plaintiff's factual allegations that are contained in the Statement of Undisputed Facts are admitted for the purposes of this Motion for Summary Judgment only.

7. Following the incident, Plaintiff did not request any medical treatment and the flight was uneventful. *See,* Exhibit A at 88:5-6; 92:7-9.

8. For the four-month period following the incident, Plaintiff did not seek any medical treatment. *See*, Exhibit A at 97:10-19.

9. Indeed, Plaintiff testified that she never went to the emergency room, never treated with anyone for any bodily injuries, and is not claiming any bodily injuries with respect to this incident, as follows:

> Q: Did you ever go to the ER and treat with anyone else for any bodily injuries?
> A: Regarding this incident?
> Q: Yes.
> A: No.
> Q: Okay. So you're not claiming any bodily [injury] as a result of this incident, just emotional distress, PTSD, depression?
> A: Correct.

Exhibit A at 112:6-14.

10. At deposition, Plaintiff's husband David Mountain, with whom Plaintiff was travelling on the date of the incident, also confirmed that Plaintiff received no medical treatment on the aircraft. *See*, Deposition of D. Mountain **Exhibit "B,"** at 35:8-11.

11. Mr. Mountain again confirmed Plaintiff was not claiming any bodily injury as a result of this incident, as follows:

> Q: All right. And [Plaintiff is] not claiming any bodily injury as a result of this incident; right?
> A: No.
> Q: She's only complaining of emotional distress and depression, PTSD; correct?
> A: That's correct.

Exhibit B at 49:9-14.

### III. MEMORANDUM OF LAW AND ARGUMENT

#### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing the court that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party's burden is discharged merely by "'showing'-that is, pointing out to the district court-that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. Moreover, although a district court is required to view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, "an inference is not 'reasonable' and a dispute is not 'genuine' if it is based on conclusory allegations and speculation." *Valderrama v. Rousseau,* 780 F.3d 1108, 1112 (11th Cir. 2015).

Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no "genuine [dispute] for trial" when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id*. (citations omitted). Indeed, the United States Supreme Court has held that "[t]he mere existence of a scintilla of evidence" supporting a non-movant's case is not sufficient to defeat summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

### B. The Montreal Convention Exclusively Governs Plaintiff's Action

As an initial matter, Emirates and Plaintiff agree that the rights of the parties are governed by the provisions of the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999 ("Montreal Convention"). *See* Compl. at ¶ 4. The Montreal Convention is a treaty of the United States, and therefore the supreme law of the land. *See* U.S. Const. art. VI, cl. 2; *El Al Airlines, Ltd. v. Tseng*, 525 U.S. 151, 161 (1999). The Montreal Convention applies to "all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, ICAO Doc. No. 9740, reprinted in S. TREATY DOC. NO. 106-45, 1999 WL 33292734, at Art. 1(1). Article 1 of the Montreal Convention defines "international carriage," in pertinent part, as "any carriage in which . . . the place of departure and the place of destination . . . are situated . . . within the territories of two State Parties . . . ." *Id*.

In this case, Plaintiff was a ticketed passenger on the subject international flight, which departed from the United Arab Emirates and arrived in the United States. Both the United Arab Emirates and the United States are State Parties to the Montreal Convention. *See* Int'l Civil Aviation Organization, Treaty Collection, Lists of Parties to Treaties (Montreal Convention) (ECF No. [32–3]); U.S. Dep't of State: Treaties in Force: A List of Treaties and Other Int'l Agreements of the United States in Force on January 1, 2012 at pp. 334–35 (ECF No. [32–4]). Therefore, the Montreal Convention applies to this lawsuit.

The Eleventh Circuit has also established that the Montreal Convention "is the exclusive mechanism for recovery for personal injuries suffered on board an aircraft...." *Marotte v. Am. Airlines, Inc.*, 296 F. 3d 1255, 1259 (11th Cir. 2002); *Vanderwall v. United Airlines, Inc.*, 80 F. Supp. 3d 1324, 1334-35 (S.D. Fla. 2015) (finding that the Montreal Convention, where applicable, provides the exclusive cause of action and preempts all state-law claims); *Ugaz v. Am. Airlines,*

5

*Inc.*, 576 F. Supp. 2d 1354, 1360 (S.D. Fla. 2008) ("For all air transportation to which the Montreal Convention applies ... the treaty provides the sole cause of action under which a claimant may seek redress for his injuries.").

Specifically, Article 17 of the Montreal Convention governs accidents that result in death or bodily injury to passengers on board an aircraft or during the course of embarkation or disembarkation. *Vanderwall v. United Airlines, Inc.*, 80 F. Supp. 3d 1324, 1331–32 (S.D. Fla. 2015), *appeal dismissed* (May 7, 2015). It provides in relevant part as follows:

> The carrier is liable for damage sustained in case of death or **bodily injury** of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Montreal Convention, Art. 17 (emphasis added). Thus, in order to bring a cause of action under Article 17, the Plaintiff must establish three elements: (1) an accident; (2) that caused death or bodily injury; (3) that took place on the plane or in the course of any of the operations of embarking or disembarking. *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1172 (11th Cir. 2014). Only the third element is at issue in this motion.

### C. The Alleged Incident Did Not Result In Bodily Injury And Purely Emotional Distress Is Unrecoverable.

Plaintiff's claim fails as a matter of law because she admittedly did not suffer a "bodily injury." Emotional distress, alone, is not recoverable under the Montreal Convention. This issue was directly addressed in the seminal case of *E. Airlines, Inc. v. Floyd*, 499 U.S. 530 (1991), wherein the United States Supreme Court held that under the language of Article 17 of the Warsaw Convention, a predecessor to the Montreal Convention[2], an air carrier could <u>not</u> be held liable

---

[2] Defendant recognizes that the Montreal Convention is a separate treaty that replaced the Warsaw Convention. The courts, however, have consistently applied cases analyzing the Warsaw

unless an accident caused a passenger to suffer death, physical injury, or physical manifestation of injury. *Id*. at 552.  The *Floyd* court did not, however, resolve the question of whether air passengers could recover for mental injuries that were accompanied by physical injuries.  *Id*.

The prevailing view (adopted by the Eleventh Circuit and this Court) is that a carrier can be held liable for such mental injuries, **if and only if**, they were caused by a physical injury. *See, e.g., Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 400 (2d Cir. 2004); *In re Air Crash at Little Rock Ark.*, 291 F.3d 503, 510 (8th Cir. 2002); *Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654, 668 (N.D. Cal. 1994); *Alvarez v. Am. Airlines, Inc.*, No. 98 Civ. 1027, 1999 WL 691922, at *4–*5 (S.D.N.Y. Sep. 7, 1999).  This exact issue was addressed in the case of *In re Am. Airlines Flight 331*, 2013 WL 12340392 (S.D. Fla. Aug. 15, 2013), wherein this Court held that "pure emotional-harm damages—i.e., those that are not caused by any physical injury—are not recoverable under the Montreal Convention." *Id*. at *3.

This issue was also directly addressed by the Eleventh Circuit in the case of *Jacob v. Korean Air Lines*, 606 Fed. Appx. 478 (11th Cir. 2015).  In *Jacob*, the Eleventh Circuit affirmed summary judgment under the Montreal Convention against a plaintiff who was refused entry into India for not having proper immigration documentation.  The court held, in part, that the "Montreal Convention bars purely mental injuries," and that "mental injuries are recoverable under Article 17 **only to the extent** that they have been caused by bodily injuries." *Id*. at 482 (emphasis added) (quoting *Ehrlich v. Am. Airlines, Inc.,* 360 F. 3d 366, 400 (2d Cir. 2004)).  However, "the Convention simply does not provide a remedy for *subsequent* physical manifestations of an earlier emotional injury." *Id*. (emphasis in original).  In other words, physical manifestations of purely

---

Convention when addressing the Montreal Convention. *See, e.g., Ugaz v. American Airlines, Inc.*, 576 F. Supp. 2d 1354 (S.D. Fla. 2008).

emotional distress are not recoverable.

In this case, both the Plaintiff and her husband have explicitly admitted that Plaintiff did not suffer a bodily injury, that she is not seeking to recover for a bodily injury, and that she is only seeking to recover for emotional distress. Based on the well-established and binding case law cited herein, such damages are unrecoverable under the Montreal Convention and summary judgment is warranted.

## IV.   CONCLUSION

The Montreal Convention exclusively governs Plaintiff's claim arising from the subject international flight. Article 17 of the Convention requires Plaintiff to establish that she suffered a "bodily injury." In this case, Plaintiff has admitted to suffering no bodily injury as a result of the incident, and it is well-established that pure emotional damages (as sought by Plaintiff) are unrecoverable. As a result, summary judgment is warranted.

WHEREFORE, for the forgoing reasons, Defendant, Emirates, Inc. respectfully requests that this Honorable Court enter an Order granting Defendant's Motion for Summary Judgment, enter a Final Summary Judgment in favor of Defendant, and such other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 29, 2023, undersigned counsel electronically filed the foregoing document with the Clerk of Courts using the CM/ECF system which will send notification of such filing to: HECTOR JAMES MONTALVO, ESQ., Montalvo Law, P.A.,

Attorneys for Plaintiff, 2555 Ponce de Leon Boulevard, Suite 600, Coral Gables, FL 33134 (jimj@montalvopa.com).

                    CLYDE & CO US LLP
                    *Attorneys for Defendants*
                    1221 Brickell Avenue
                    Suite 1600
                    Miami, Florida 33131
                    Tel. (305) 446-2646
                    Fax. (305) 441-2374

By: */s Clayton W. Thornton*
                    **DAVID A. WAGNER**
                    Florida Bar No. 102611
                    Email: david.wagner@clydeco.us
                    **CLAYTON W. THORNTON**
                    Florida Bar No. 105609
                    Email: clayton.thornton@clydeco.us